# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable B. T. Walters
County Auditor
Smith County
Tyler, Texas

Dear Sir:

Opinion No. 0-3952
Re: County attorney's and county clerk's fees in lunacy cases in salary county

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Please advise relative to the following:

"Should Smith County pay the county attorney the usual $10.00 fees, accruing in lunacy cases where no estate exists? Also, what fees, if any, should be paid by the county to the county clerk in such cases?"

The county officers of Smith County are compensated on a salary basis under the Officers' Salary Law.

Section 3 of Article 3912e, Vernon's Annotated Texas Civil Statutes, provides as follows:

"In all cases where the Commissioners' Court shall have determined that county officers or precinct officers in such county shall be compensated for their services by the payment of an annual salary, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated, any fee or commission for the performance of any or all of the duties of their offices but such officers shall receive said salary in lieu of all other fees, commissions or compensation which they would otherwise be authorized to

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

retain; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such monies received by him into the fund created and provided for under the provisions of this Act; provided further, that the provisions of this Section shall not affect the payment of costs in civil cases by the State but all such cases so paid shall be accounted for by the officers collecting the same, as they are required under the provisions of this Act to account for fees, commissions and costs collected from private parties."

Section 5 of Article 3912e, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. . . ."

Article 5561, Revised Civil Statutes of Texas, reads as follows:

"Officers and jury fees. In such cases the officers shall be allowed the same fees as are now allowed for similar services performed in misdemeanor cases and the jurors shall each be allowed a fee of One ($1.00) Dollar, to be paid out of the estate of the defendant, if he have an estate, otherwise by the county on accounts approved by the county judge." (This article appears in the chapter relating to lunacy proceedings and is the costs allowed officers and jurors in lunacy proceedings. The fees allowed the officers in lunacy cases are taxed as costs in the case.)

683

Lunacy proceedings are of a civil, and are not of a criminal nature - insanity is not a crime; in contradistinction it is a disease - White vs. White, 196 S. W. 508 (Sup. Ct. of Tex.).

A lunacy proceeding is a civil, and not quasi criminal, proceeding. Ex Parte Singleton, Court of Criminal Appeals, 161 S. W. 123.

In Opinion No. O-259, this department held, among other things, that a lunacy proceeding was a civil case; that the fees due a county clerk in lunacy cases were costs in a civil case; that if the defendant in lunacy had no estate the clerk should collect his costs in the case from the county from the general fund of the county and since the clerk was operating under the Officers' Salary Law he should place such payment of costs into the Officers' Salary Fund of the county. This we think sufficiently answers your question with reference to the county clerk and we enclose herewith a copy of Opinion No. O-259.

It follows and it is our further opinion that the same rule would apply to the county attorney of Smith County.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:db

Enclosure



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN